Laura PROPST, et al., Plaintiffs–
Appellants,

v.

ASSOCIATION OF FLIGHT ATTEND-
ANTS, and Pat Friend, as President of
Association of Flight Attendants, De-
fendants–Appellees,

US AIRWAYS, INC., Defendant.*

No. 08–2074–cv.

United States Court of Appeals,
Second Circuit.

June 19, 2009.

Michael S. Haber, New York, NY, for
Plaintiffs–Appellants.

Jeffrey A. Bartos (Carmen R. Parcelli,
Elizabeth A. Roma, on the brief) Guerrieri,
Edmond, Clayman & Bartos, P.C., Wash-
ington, DC, for Defendants–Appellees.

Present JOSÉ A. CABRANES, PETER
W. HALL, Circuit Judges, SIDNEY H.
STEIN, District Judge.**

---

* The Clerk of Court is directed to amend the
official caption in this case to conform to the
listing of the parties above.

** The Honorable Sidney H. Stein, of the United
States District Court for the Southern District
of New York, sitting by designation.

## SUMMARY ORDER

Plaintiffs-appellants are flight attendants who were furloughed from U.S. Airways, Inc. ("US Airways") and agreed to work for MidAtlantic Airways ("MidAtlantic"), a division of U.S. Airways that is not a wholly-owned subsidiary. Defendant-appellee Association of Flight Attendants is an unincorporated labor union that has represented plaintiffs in their collective bargaining with U.S. Airways during the times relevant to this case and defendant-appellee Pat Friend is President of the AFA (jointly "AFA"). Plaintiffs appeal from a judgment of the District Court that granted AFA's motion to dismiss the first amended complaint in their duty-of-fair-representation ("DFR") action after finding their complaint time-barred.*** We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Plaintiffs argue that the District Court erred in holding that their DFR statute of limitations began running in December 2002 and dismissing their February 9, 2006 complaint as untimely. AFA defends the District Court's finding that plaintiffs "knew or reasonably should have known of the defendants' breach in December 2002, when U.S. Airways and AFA entered into the agreement amending the terms of MidAtlantic employment and providing that U.S. Airways 'may operate MDA as a separate division within mainline.'" 546 F.Supp.2d 14, 21 (E.D.N.Y. 2008). AFA further argues that since plaintiffs knew or should have known about any breach in December 2002, the 2006 complaint falls far outside of the six-month statute of limitations period for DFR claims. *See Ramey v. District 141,*

*Intern. Ass'n of Machinists & Aerospace Workers,* 378 F.3d 269, 278 (2d Cir.2004) (setting forth the six-month statute of limitations for DFR claims). In a suit alleging a breach of the duty of fair representation, the cause of action accrues at the time when plaintiffs "knew or reasonably should have known that a breach has occurred." *Id.* (internal alterations omitted). Plaintiffs argue that the provision in the December 2002 agreement was unclear, so that they could not have reasonably known the breach had occurred. They also argue that the statute of limitations should not have started running in 2002 because MidAtlantic had not then begun operations or identified furloughed employees, and so any injury alleged in 2002 would not yet have been ripe. We agree with the District Court that "[e]ven if the court were to accept plaintiffs' reasons for tolling the limitations period, their claims would still be time-barred." 546 F.Supp.2d at 22. Since plaintiffs filed their complaint on February 9, 2006, the outside date of the relevant limitations period is August 9, 2005. But, plaintiffs have acknowledged that "the last date they were hired by MidAtlantic was either the end of 2004 or the beginning of 2005. Thus, at the very latest, plaintiffs had actual notice at least several months before August 9, 2005...." *Id.* As a result, plaintiffs' statute of limitations certainly began to run before August 9, 2005, more than six months before they filed their February 9, 2006 complaint. As a result, plaintiffs' claims are time-barred. Further, we see no merit in plaintiffs' alternative June 17, 2009 claims for equitable estoppel and equitable tolling. Plaintiffs merely state the applicable legal standards and provide no

---

*** Plaintiffs also asserted a claim under the Racketeer Influence and Corrupt Organizations Act ("RICO") which the District Court dismissed as "entirely deficient in pleading the element of 'enterprise.'" 546 F.Supp.2d 14, 26 (E.D.N.Y.2008). Plaintiffs do not appeal the dismissal of their RICO claims.

compelling reason for us to invoke either doctrine.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the District Court.